IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

**TOMMY WHITE**                                                                                         **PLAINTIFF**

**VS.**                                        **CIVIL ACTION NO. 2:07cv305-MTP**

**RONALD KING,** *et al.*                                                                  **DEFENDANTS**

**<u>ORDER DENYING TEMPORARY RESTRAINING ORDER</u>**

THIS MATTER is before the court on the Motion for Temporary Restraining Order [12] filed by the Plaintiff.  The court, having considered the submissions of the parties, the arguments made during the hearing, and the applicable law, finds that the Motion [12] should be DENIED.

In his Motion [12], Plaintiff complains of exposure to unreasonable levels of second-hand smoke at SMCI.  He states that inmates smoke inside the buildings at SMCI, including in his housing unit, in violation of the Mississippi Clean Indoor Air Act and MDOC Policy 25-05-F. Plaintiff alleges that he has asthma and sinus problems that are exacerbated by the exposure, and that his exposure to the second-hand smoke has caused him heart problems, requiring the insertion of a coronary artery stint in December 2007.

Plaintiff seeks the following injunctive relief: designating one building or zone at SMCI as smoke-free or moving him to a non-smoking facility.

The Defendants claim that Plaintiff failed to prove that he is subjected to an unreasonably high level of second-hand smoke and that the Defendants created a risk that violates constitutional standards of human decency.  In support of their position, the Defendants submitted the affidavit of Ron King stating that SMCI abides by the MDOC Policy "Smoke Free Environment for Offenders, DOC-20-10" and that smoking is not allowed in the inmates' sleeping areas.  Defendants also claim that the Plaintiff has failed to prove the elements necessary

to obtain injunctive relief.

A party requesting a temporary restraining order or preliminary injunction must demonstrate each of the following: 1) a substantial likelihood of success on the merits; 2) a substantial threat that failure to grant the injunction will result in irreparable injury; 3) the threatened injury must outweigh any damage that the injunction will cause to the adverse party; and 4) the injunction must not have an adverse effect on the public interest. *Women's Med. Ctr. of Northwest Houston v. Bell,* 248 F.3d 411, 419 n.15 (5th Cir. 2001). "An injunction is an extraordinary remedy and should not issue except upon a clear showing of possible irreparable injury." *Lewis v. S.S. Baune,* 534 F.2d 1115, 1121 (5th Cir. 1976).

The court finds that the Plaintiff has failed to demonstrate a substantial likelihood of success on the merits and has failed to make a clear showing of irreparable harm.  Accordingly, he is not entitled to the extraordinary remedy of injunctive relief.

IT IS, THEREFORE, ORDERED that Plaintiff's Motion for Temporary Restraining Order [12] is DENIED.

SO ORDERED this the 2nd day of April, 2008.

s/ Michael T. Parker
United States Magistrate Judge
